

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL



Honorable A. D. Smith
County Attorney, Parmer County
Farwell, Texas

Dear Sir:

Opinion No. 0-6518
Re: Under the facts submitted
should the tax money in
question be transferred
to Bovina Independent
School District?

We are in receipt of your letter of recent date reading as follows:

"I seek your opinion regarding approximately $1400.00 dollars of school funds belonging to the Former State Line Common School District.

"This School District was originally Common School District No. 6 of this County. Under Article 2915A R.C.S. this school district was consolidated with a school district in New Mexico and was known as Texas-New Mexico School District No. 1. This consolidated district operated for several years as such.

"In 1943 the subject district disregarded its pact with the State of New Mexico and was consolidated with BOVINA INDEPENDENT SCHOOL DISTRICT. In cause 1290 in the District Court of Parmer County, Texas, the Texas-New Mexico School District #1 filed suit to enjoin this purported consolidation. Our District Court held the Original Pact, Article 2915A unconstitutional and upheld the consolidation with BOVINA. This case was appealed to the Amarillo Court of Civil Appeals and in cause numbered 5655 styled TEXAS NEW MEXICO SCHOOL DISTRICT NO. 1 VS FARWELL INDEPENDENT SCHOOL DISTRICT, the judgment was affirmed and is now a final judgment.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIS

"During this litigation there accumulated approximately $1400.00 in taxes collected. The money was deposited in Security State Bank, Farwell, Texas, in the name of TEXAS-NEW MEXICO SCHOOL DISTRICT #1, and Bovina Independent School District wants the money. I can see no reason why this money could not be paid to Bovina Independent School District because it is all tax money from what is now part of BOVINA INDEPENDENT SCHOOL DISTRICT.

"Will you please advise me whether or not there is any reason why this money should not be transferred to Bovina Independent School District?"

Assuming that Article 2915a is unconstitutional as held by the Court of Civil Appeals, the taxes levied by said district would be unconstitutional, since they were not levied by a valid authority. It is our opinion that only such taxes as have been authorized by the Bovina District since the consolidation of the territory formerly a part of the Texas-New Mexico District and collected from the taxpayers of said territory, and territory of the original Bovina District, would belong to the Bovina District. The taxes in the bank were levied by the Texas-New Mexico District and deposited in the bank in the name of said district. The bank, no doubt, has made a bond in favor of said district, conditioned on the safe-keeping of said funds, and in all probability would refuse to pay the money to the Bovina District unless authorized to do so by the Texas-New Mexico District, or by a judgment of a court of competent jurisdiction.

The Attorney General is without authority to authorize the transfer of the funds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By C. F. Gibson

C. F. Gibson
Assistant

APPROVED APR 20, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

CFG:EP

APPROVED
OPINION
COMMITTEE
BY